### R. E. JETER *v.* MICHAEL MCCARTY, ET AL.

**Suit on Contract for Work—Set-Off—Mechanic's Lien.**

Where one agrees to erect a house for another, and the real estate is sold before completion, and the buyer agrees to pay such contractor in cash and by the surrender of a claim against him, such contractor has a mechanic's lien for the balance due him over such surrendered indebtedness.

### APPEAL FROM TAYLOR CIRCUIT COURT.

October 16, 1877.

OPINION BY JUDGE ELLIOTT:

In 1872, as alleged by appellant, he was employed by Michael Mc-Carty to erect for him a frame house on a lot in Campbellsville, Taylor county, belonging to McCarty's wife. He charges that his work done and performed in and about the erection of the house is worth three hundred dollars, and by an amended petition he charges that to board himself as he did and do the job it was worth $407.77. He further stated that after he undertook the job, Susan, the wife of Michael McCarty, sold and conveyed the lot on which the house was being erected to appellee, Netherland, and that by agreement between appellant and Netherland he was to take the place of Mc-Carty in the contract for the erection of the house and was to pay him for the job.

McCarty, in his answer, admits the employment of appellant to build the house, but says the value of his services was agreed upon at $120, and that for extra work he is entitled to $30 more, making in all $150. Netherland denies any promise or agreement to pay appellant for his services performed in building the house, and set up by way of offset and counterclaim an account amounting to nearly two hundred dollars.

The proof strongly conduces to the conclusion that appellant built the house under a special contract with Michael McCarty at the price of $120 or $125, and that he did extra work in its erection amounting to the sum of $70 or $75.

After Netherland's purchase of the lot, and whilst appellant was at work on the house, Netherland says that an agreement was made between him and appellant that appellant was to charge thirty dollars for his extra work on the house, and for that sum, added to the contract price for the erection of the house, making in all one hundred fifty dollars, appellant was to receive credit on an unpaid account which he owed Netherland.

The evidence conduces to show that the appellant agreed to settle an account that Netherland held against him, and Netherland agreed to pay for the building of the house in dispute. This agreement was made whilst appellant was at work on the house and long before he had finished it, and after the legal title had been vested in Netherland, and we cannot see why he has not a mechanic's lien for any unpaid balance on the job. The agreement is proved by three witnesses besides Netherland, and although the character of one of them has been attacked the other two stand unimpeached.

There is some conflict in the evidence as to whether there was a special agreement between appellant and McCarty as to the price at which the house was to be built, and as to how much the extra work was worth. Amidst this conflict of evidence the lower court adjudged that there is still due appellant $37.22, which, being sustained by the evidence, is hereby affirmed, and we are of opinion that as to appellee, Netherland, no error has been committed to his prejudice. The judgment is *affirmed* on his cross-appeal as well as the original appeal of Jeter.

*D. G. Mitchell, Winfry & Winfry, Lindsays, for appellant.*

*R. S. Montague, for appellees.*